## IN THE SUPREME COURT OF PENNSYLVANIA
## EASTERN DISTRICT

| | | |
|---|---|---|
| CITY OF PHILADELPHIA | : | No. 15 EAL 2021 |
| | : | |
| | : | |
| | : | |
| v. | : | Petition for Allowance of Appeal from |
| | : | the **Unpublished Order** of the |
| | : | Commonwealth Court at No. 1686 |
| F.A. REALTY INVESTORS CORP. | : | CD 2019 entered on November 10, |
| | : | 2020,  the Order of the Philadelphia |
| | : | County Court of Common Pleas at |
| PETITION OF:  AGNES FREMPONG AND | : | No. October Term, 2017 No. T0175 |
| STEVE FREMPONG | : | entered on October 9, 2019 |

## ORDER

**PER CURIAM**

**AND NOW**, this 9th day of June, 2021, the Petition for Allowance of Appeal is **GRANTED**.

In dismissing Petitioner's appeal, the Commonwealth Court indicated that the Court of Common Pleas of Philadelphia County, "by order dated January 24, 2020," directed Petitioners to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b), "within 21 days of the date of the order, or no later than February 14, 2020."  Memorandum and Order dated November 10, 2020, No. 1686 CD 2019 (per curiam).  The Commonwealth Court concluded that Petitioners had filed their Rule 1925(b) statement on February 18, 2020, four days past the deadline and, thus, failed to comply with Pa.R.A.P. 1925(b)(2) (governing the time for filing and service).  *See id.*

The Commonwealth Court also observed that the trial court had concluded that Petitioners' concise statement failed to comply with the requirements of Pa.R.A.P.

1925(b)(4) (providing that the statement "concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge"). Specifically, the trial court characterized Petitioners' Rule 1925(b) statement as "lengthy," "illegibly written," and failing to identify "concisely or clearly . . . the specific issues [Petitioners] wish to challenge on appeal." Trial Court Slip. op. dated October 9, 2020, No T0175 October Term 2017, at 2.

Consequently, the Commonwealth Court quashed the appeal, reasoning that Petitioners' failure to comply with the requirements of Pa.R.A.P. 1925(b) resulted in automatic waiver of any appellate issues.

The Commonwealth Court erred in calculating the relevant time frame for the filing of the Rule 1925(b) statement. The trial court's order, directing Petitioners to file a Rule 1925(b) statement, was dated January 7, 2020, not January 24, 2020, as the Commonwealth Court indicated.

Furthermore, the time for a response begins to run from the date that notice of the entry of the order is sent to the parties. *See* Pa.R.A.P. 108(b) (providing that the date of entry of an order in a matter subject to the Rules of Civil Procedure is the date on which the clerk makes the notation on the docket that notice of entry of the order has been given, as required by Pa.R.C.P. No. 236(b)); Pa.R.C.P. No. 236(b) (requiring that "[t]he prothonotary shall note in the docket the giving of [written notice of the entry of an order or judgment] . . . .").

In the instant matter, the docket reflects that the trial court's order to file a Rule 1925(b) concise statement was entered on January 24, 2020. The docket further reflects that notice of the entry of the order pursuant to Pa.R.C.P. No. 236 was given to Petitioners on January 27, 2020. Therefore, the 21-day period afforded to Petitioners by the trial court, as required by Rule of Appellate Procedure 1925(b)(2)(i), ended on February 17,

2020, which was a federal holiday. Thus, the deadline became February 18, 2020, the date that Petitioners filed their Rule 1925 statement, rather than February 14, 2020, as the Commonwealth Court concluded. *See 1 Pa.C.S. §1908 (*stating that, with regard to computation of time in a statute, "[w]henever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation"); Pa.R.A.P. 107 (providing that the statutory rules of construction, 1 Pa.C.S. §§1901 *et seq.*, apply to the interpretation of the Pennsylvania Rules of Appellate Procedure).[1]

Finally, Petitioners' Rule 1925(b) statement, although handwritten, is sufficiently legible, is not prolix, and sets forth discernible issues sought to be reviewed on appeal, including the propriety of the trial court's dismissal of Petitioners' petition to intervene based upon a Commonwealth Court order dated October 2, 2019.

The Order of the Commonwealth Court is **VACATED**, and the matter is **REMANDED** to that court for further proceedings consistent with this order.

Jurisdiction relinquished.

---

[1] The common pleas court's determination regarding the untimeliness of Petitioners' notice of appeal is seemingly premised on a similar miscalculation. Notice of the trial court's order was sent to Petitioners on October 11, 2019, such that the 30-day appeal period ended on November 10, 2019, a Sunday. As the next day, November 11, 2019, was a holiday, Petitioners' filing of the notice of appeal on November 12, 2019, appears to have been timely.